**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

PATRICIA I. ERMINI,

    Plaintiff,

v.            Case No:   2:15-cv-701-FtM-99CM

MIKE SCOTT, CHARLENE
PALMESE, RICHARD LISENBEE,
ROBERT HAMER and WILLIAM
MURPHY,

    Defendants.

_____

**ORDER**

  Before the Court are Defendant Robert Hamer's Motion to Quash the Summons of Defendant Robert Hamer (Doc. 23), Defendant Richard Lisenbee's Motion to Quash the Summons of Richard Lisenbee (Doc. 24), and Plaintiff's Unopposed Motion for Order Allowing Issuance of Second Summons to Defendant Richard Lisenbee (Doc. 35). For the reasons set for below, the motions are granted.

  Defendant Hamer filed a motion to quash stating that he was served with process by leaving a copy of the Summons and Complaint at the Office of the Lee County Sherriff.   Doc. 23 at 1.   Defendant Hamer, however, states that he no longer works for the Lee County Sherriff, and the Sherriff has not been authorized to accept service on his behalf.   *Id.* at 2.   Accordingly, Defendant Hamer requests that the Summons be quashed.   *Id.* at 3.   Plaintiff failed to file a response to Defendant Hamer's motion, and the time has expired for her to do so.   Failure to file a response

creates a presumption that the motion is unopposed.   *Great American Assur. Co. v. Sanchuk, LLC*, 2012 WL 195526 *3 (M.D. Fla. 2012) (citation omitted).

Federal Rule 4(e) states that an individual within a judicial district of the United States may be served by

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).   Rule 4 does not provide for service at a person's place of employment or former place of employment without the person providing authorization.   The Florida Statutes allows for service at a person's place of employment when the employer has been contacted by an individual authorized to service process and then the employer designates a private area for the authorized individual to serve the employee.   Fla. Stat. 48.031(1)(b).   The Florida Statutes, however, do not provide for service at a person's former place of employment. Accordingly, service upon Defendant Hamer at his former place of employment was improper, and Defendant's Motion to Quash is granted.

Defendant Lisenbee filed a motion to quash on the same grounds.   Doc. 24. Plaintiff also filed an unopposed motion for issuance of second summons.   Doc. 35. In Plaintiff's unopposed motion, Defendant states that he has authorized his attorney, Bruce W. Jolly, to accept service on his behalf.   *Id.* at 2.   Accordingly, Plaintiff's motion for issuance of a second summons is granted.   Moreover,

Defendant Lisenbee's motion to quash is granted because the summons at issue in the motion is now moot because Plaintiff will issue a second summons.

ACCORDINGLY, it is hereby

**ORDERED:**

1.    Motion to Quash the Summons of Defendant Robert Hamer (Doc. 23) is **GRANTED**.

2.    Motion to Quash the Summons of Defendant Robert Hamer (Doc. 24) is **GRANTED.**

3.    Plaintiff's Motion for Order Allowing Issuance of Second Summons to Defendant Richard Lisenbee (Doc. 35) is **GRANTED.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of January, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record