UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA I. ERMINI fka
Patricia I. Mapes,

    Plaintiff,

v.      Case No: 2:15-cv-701-FtM-99CM

MIKE SCOTT, in his official capacity as Sheriff of Lee County, Florida, CHARLENE PALMESE, individually, RICHARD LISENBEE, individually, ROBERT HAMER, individually, and WILLIAM MURPHY, individually,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant Mike Scott's Motion to Dismiss Count XIII (Doc. #22) filed on December 29, 2015. Plaintiff filed a Response to Defendant Scott's Motion to Dismiss Count XIII (Doc. #30) on January 8, 2016. Also before the Court is defendant Murphy's Motion to Dismiss Complaint (Count X) (Doc. #31) filed on January 11, 2016. Plaintiff filed a Response to Defendant Murphy's Motion to Dismiss Count X (Doc. #33) on January 21, 2016.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual

2

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

In Count XIII, plaintiff asserts a claim of defamation against Mike Scott, Sheriff of Lee County, Florida, for the damage to her reputation. Taking the allegations as true for purposes of review, plaintiff alleges that Sheriff Mike Scott had no duty to tell the media of what transpired at her home before the investigation was complete, and in fact often refrains from making a statement pending an investigation. However, plaintiff alleges that Scott personally issued statements to the media to justify the actions of his deputies by stating that plaintiff had fired at the deputies who responded with deadly force because they feared for their lives. Plaintiff alleges that Scott's statements were false and defamatory, and he knew they were false or failed to exercise reasonable care to determine the truthfulness of the statements before making them. The negligently made statements resulted in damage to plaintiff in that she was subjected to ridicule and condemnation by the community. (Doc. #1, ¶¶ 189-193.)

Defendant Sheriff Mike Scott moves to dismiss plaintiff's claim of defamation for statements made to the media because no such claim may be maintained against the Sheriff in his official capacity, and he is entitled to sovereign immunity. Additionally,

3

defendant further argues that Count XIII should be dismissed because the statements were absolutely privileged, or at least conditionally privileged.

*Sovereign Immunity*

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent", and "Florida's legislature has explicitly waived sovereign immunity for liability in torts involving personal injury, wrongful death, and loss or injury of property." Llorca v. Rambosk, No. 2:15-CV-17-FTM-29CM, 2015 WL 2095805, at *1 (M.D. Fla. May 5, 2015) (Steele, J) (citations omitted).  Under Fla. Stat. § 768.28, pleading "bad faith or malicious purpose on the part of the governmental actor", will bar recovery based on sovereign immunity. Boggess v. Sch. Bd. of Sarasota Cty., No. 8:06-CV-2245-T-27EAJ, 2008 WL 564641, at *5 (M.D. Fla. Feb. 29, 2008).

The tort of defamation has the following "five elements: (1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." Jews For Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1106 (Fla. 2008).  Malice is not a required element[1], and plaintiff does

---

[1] Defendant cites to Wolfson v. Kirk, 273 So. 2d 774, 776 (Fla. Dist. Ct. App. 1973) for the proposition that malice is an

not allege malice in her Complaint. Since sovereign immunity does not bar a claim of negligent defamation, Rudloe v. Karl, 899 So. 2d 1161, 1164 (Fla. 1st DCA 2005), the motion to dismiss will be denied on this basis.

### *Absolute Immunity/Privilege*

"As an executive officer the sheriff enjoys an absolute privilege as to any statements he makes incidental to his official duties." Cobb's Auto Sales, Inc. v. Coleman, 353 So. 2d 922, 923 (Fla. 4th DCA 1978) (citations omitted). See also Stephens v. Geoghegan, 702 So. 2d 517, 522 (Fla. 2d DCA 1997) ("Public officials who make statements within the scope of their duties are absolutely immune from suit for defamation".) This "privilege extends only to words or acts within the scope of the authority of the public servant." Crowder v. Barbati, 987 So. 2d 166, 168 (Fla. 4th DCA 2008) (citations omitted).

Taking the allegations in the Complaint as true, plaintiff alleges that Sheriff Scott had "no duty" to make statements to the media. Information disclosed through a press release may be beyond the scope of the Sheriff's duties if rules or laws prohibited the

---

essential element of the tort of defamation. However, a more careful reading of Wolfson shows that malice is an additional component of a claim of defamation *per se*, which is not asserted here. See Alan v. Wells Fargo Bank, N.A., No. 14-80682-CIV, 2014 WL 11393570, at *2 (S.D. Fla. June 18, 2014) (per se defamatory statements are "so obviously defamatory" that malice and damages are presumed), aff'd, 604 F. App'x 863 (11th Cir. 2015).

5

release, or if "there was no official purpose" for the release, but "scope of office" is to be broadly defined. Id. (citing Densmore v. City of Boca Raton, 368 So. 2d 945, 947 (Fla. 4th DCA 1979); Kribs v. City of Boynton Beach, 372 So. 2d 195 (Fla. 4th DCA 1979)). However, "[t]he term 'duties' is not confined to those things required of the officer, but rather extends to all matters which he is authorized to perform." Cassell v. India, 964 So. 2d 190, 194 (Fla. 4th DCA 2007). "Law enforcement agencies routinely brief the media on matters of public concern." Stephens v. Geoghegan, 702 So. 2d 517, 523 (Fla. 2d DCA 1997). As head of the Lee County Sheriff's Office, Sheriff Scott's statements to the press would fall under the broader scope of office. The motion will be granted on this case and Count XIII is dismissed.

### III.

In Count X, plaintiff alleges a claim of intentional infliction of emotional distress against William Murphy. Defendant argues that the claim of intentional infliction of emotional distress must be dismissed as the conduct alleged in the Complaint simply does not rise to the level of required outrageousness.

> To establish a cause of action for the intentional infliction of emotional distress, a plaintiff must show that the defendant's intentional conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly

6

> intolerable in a civilized community." Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277, 278-79 (Fla. 1985). See also Gallogly v. Rodriguez, 970 So. 2d 470, 471 (Fla. 2d DCA 2007). The conduct must be evaluated on an objective basis; the plaintiff's subjective response to the conduct does not control. McCarson, 467 So. 2d at 278-79. A defendant's knowledge of a person's particular susceptibility to emotional distress is relevant in determining whether the conduct is extreme or outrageous; however, the mere fact that the defendant knows the person's feelings will be hurt by the conduct is not enough; it must be outrageous. Liberty Mut. Ins. Co. v. Steadman, 968 So. 2d 592, 595-96 (Fla. 2d DCA 2007) (citing Restatement (Second) of Torts § 46 cmt. f). Whether the alleged conduct satisfies this high standard is a legal question "for the court to decide as a matter of law." Vance v. Southern Bell Tel. & Tel. Co., 983 F.2d 1573, 1575 n.7 (11th Cir. 1993) (quoting Baker v. Florida Nat'l Bank, 559 So. 2d 284, 287 (Fla. 4th DCA 1990)). See also Gandy v. Trans World Computer Tech. Grp., 787 So. 2d 116, 119 (Fla. 2d DCA 2001).

Schweikhard v. Sch. Bd. of Collier Cty., Fla., No. 2:14-CV-466-FTM-29, 2015 WL 1470676, at *3 (M.D. Fla. Mar. 31, 2015). In Tillman, the Eleventh Circuit remanded for reconsideration the dismissal of a claim "[b]ecause this allegation—that police officers falsified charging documents in order to convict a man of a nonexistent crime—is the type of extreme conduct considered to be intolerable in a civilized society." Tillman v. Orange Cty., Fla., 519 F. App'x 632, 637 (11th Cir. 2013).

Within Count X, plaintiff alleges that Murphy had no facts to support Baker-Acting plaintiff, and isolated her while she was

7

critically injured. Plaintiff further alleges that Murphy let plaintiff's family and the community believe that she had shot at deputies, and that Murphy intentionally falsified facts in a probable cause affidavit to obtain a search warrant and to prove that she committed aggravated assault. Plaintiff sought the services of a psychiatrist and suffered severe and crippling permanent bodily injury and resulting pain, suffering, humiliation, mental anguish, and financial hardship as a result of Murphy's conduct. (Doc. #1, ¶¶ 172-176.)

The Court finds this case is distinguishable from Tillman. In the Factual Allegations of the Complaint, plaintiff alleges that Murphy's Affidavit "said that the investigation had revealed the following facts", including that plaintiff was "armed with a gun and threatened to kill the deputies," but that it was untrue. (Doc. #1, ¶ 37.) The Affidavit was the basis for the search warrant and affirmed that there was probable cause for the search. (Id., ¶ 38.) The Complaint however also alleges in some detail the conduct of Murphy leading up to the arrest and before submitting the Affidavit. Plaintiff alleges that Murphy interviewed and took the sworn testimony of plaintiff's ex-husband, the deputies who entered plaintiff's home, plaintiff herself, and other officers and firefighter who appeared at the scene on what was thought to be a suicide call. (Id., ¶¶ 52-54, 68, 69-71.) The Court finds that the Factual Allegations that

8

Murphy relied on facts provided through an investigation belie the allegations in Count X of Murphy intentionally falsifying the Affidavit. The Court finds that the claim does not rise to the level of atrocious and outrageous conduct. The motion to dismiss will be granted without prejudice.

Accordingly, it is now

**ORDERED:**

1. Defendant Mike Scott's Motion to Dismiss Count XIII (Doc. #22) is **GRANTED** and Count XIII is **dismissed.**

2. Defendant Murphy's Motion to Dismiss Complaint (Count X) (Doc. #31) is **GRANTED** and Count X is **dismissed without prejudice.**

**DONE AND ORDERED** at Fort Myers, Florida, this   22nd   day of September, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record