UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**PATRICIA I. ERMINI,**

    **Plaintiff,**

v.                                                        Case No:    2:15-cv-701-FtM-31CM

**MIKE SCOTT, in his official capacity as Sheriff of Lee County, Florida, CHARLENE PALMESE, RICHARD LISENBEE, ROBERT HAMER, and WILLIAM MURPHY,**

    **Defendants.**

## ORDER

This matter comes before the Court on Defendant Mike Scott's Motion for New Trial and Renewed Motion for Judgment as a Matter of Law (Doc. 162) and Plaintiff's Response (Doc. 163). For the reasons set forth below, the Motion is denied.

### I. Procedural History

On October 24, 2016, Plaintiff Patricia I. Ermini filed a twelve-count Amended Complaint (Doc. 52) alleging federal civil rights and state law claims arising out of an incident that unfolded on the evening of March 23, 2013, culminating in the shooting of Plaintiff by a Lee County Sheriff's Deputy during a welfare check.[1] Following summary judgment, only a state law negligence claim remained against Sheriff Mike Scott in his official capacity for the manner in which his deputies conducted the welfare check. The negligence claim was tried before a jury, which rendered its verdict in favor of Plaintiff on January 10, 2018. (Doc. 157). At the close of

---

[1] The factual background of this case was detailed in a previous Opinion and Order (Doc. 98) and will not be repeated here.

Plaintiff's case and after the case was submitted to the jury, Sheriff Scott moved for judgment as a matter of law (Docs. 151, 152), which was denied. Thereafter, the Clerk entered Judgment for Ermini on Count XII of the Amended Complaint in the amount of $750,000. (Doc. 159). Sheriff Scott now moves for a new trial and motion for judgment as a matter of law.

## II.     Standards

### A.  Motion for Judgment as a Matter of Law

Fed. R. Civ. P. 50(b) permits a party to move for judgment as a matter of law after the jury has returned its verdict. *Johnson v. Guerrieri Mgmt., Inc.*, 437 F. App'x 853, 857 (11th Cir. 2011). In ruling on a Rule 50 motion, the court must determine whether the evidence is "legally sufficient to find for the party on that issue." *Chaney v. City of Orlando, Fla.*, 483 F.3d 1221, 1227 (11th Cir. 2007) (citation omitted). Specifically, "in considering a motion for a directed verdict, the court does not weigh the evidence, but draws all factual inferences in favor of the nonmoving party." *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554 (1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.... The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor")). This standard is the same whether the motion is made prior to, or after the jury's verdict. *Id.* (citing *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 903 (11th Cir. 2004)).

### B.  Motion for a New Trial

A renewed motion for judgment as a matter of law may be joined, in the alternative, with a motion for a new trial under Rule 59. Fed. R. Civ. P. 50(b). These motions "have wholly distinct functions and entirely different standards govern their allowance." 9A Wright & Miller, Federal Practice and Procedure § 2531.

> If a motion for new trial is granted, the case is tried again. If the motion for judgment as a matter of law is granted, the case is at an end. Because of the finality that the latter motion has, it is natural that it should be measured by a far more rigorous standard. On a motion for a new trial, the court has a wide discretion to order a new trial whenever prejudicial error has occurred. On a motion for judgment as a matter of law, it has no discretion whatsoever and considers only the question of whether there is sufficient evidence to raise a jury issue.

*Id.* *See Ortiz v. Jordan*, 562 U.S. 180 (2011) (discussing the difference between insufficient evidence under Rule 50(b) and weight of the evidence under Rule 59). The decision as to whether to grant a new trial is committed to the discretion of the trial judge. *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001). Rule 59(a)(1) provides that after a jury trial a new trial may be granted to all or any of the parties on all or part of the issues "for any of the reason for which a new trial has heretofore been granted in an action at law in federal court." Any such motion must be filed no later than 28 days after entry of judgment. Fed. R. Civ. P. 59(b). Defendant argues that a new trial should be granted to prevent manifest injustice.

The trial court may grant a motion for a new trial under Rule 59 if it believes the verdict rendered by the jury was contrary to the great - and not merely the greater - weight of the evidence. *Williams v. City of Valdosta*, 689 F.2d 964, 973 (11th Cir. 1982). To make this determination, the trial judge must independently weigh the evidence favoring the jury verdict against the evidence in favor of the moving party. *McGinnis v. American Home Mortgage Servicing, Inc.*, 817 F.3d 1241, 1254-55 (11th Cir. 2016). A trial judge should not substitute his own credibility choices and inferences for the reasonable credibility choices and inferences made by the jury. *Williams*, 689 F.2d at 973 n.7. In cases involving simple issues, highly disputed facts, and an absence of "pernicious occurrences," the Court has less freedom to disturb a jury verdict than it does in cases involving complex issues, facts not highly disputed, and events arguably marred by error. *Id.*

### III. Analysis

Defendant raises three arguments in support of his request for a new trial and judgment as a matter of law: (1) Plaintiff tried this case to the jury as a "negligent use of force" claim that is not a recognized cause of action in Florida; (2) the Court erroneously admitted evidence of Deputies Hamer and Lisenbee's termination; and (3) the Court previously determined that the deputies' actions were reasonable as a matter of law.

#### A. New Trial

##### 1. Negligent Use of Force

Defendant argues that although the Court dismissed Plaintiff's federal and state law claims for excessive force and only allowed the negligence claim to proceed to trial (Doc. 98), Plaintiff improperly tried a "negligent use of force" claim to the jury by repeatedly referencing the negligent shooting of Plaintiff. Defendant cites two examples from trial: (1) Plaintiff's counsel frequently criticized the deputies' failure to order Plaintiff to drop her weapon before Deputy Hamer shot her, and (2) Plaintiff's counsel attempted to create doubt as to whether Plaintiff was holding a gun before she was shot. Plaintiff responds that her negligence case focused, without objection, on the deputies' complete lack of meaningful communication with Plaintiff during the shooting.

Contrary to Defendant's assertion, Plaintiff did not try a negligent use of force claim to the jury. Instead, Plaintiff contended in this case (and the jury was instructed as such) that the individual deputies were negligent in the manner in which they conducted the welfare check. (Doc. 153). The actions of the deputies, including the failure to order Plaintiff to drop her weapon, and the deputies' beliefs as to whether Plaintiff was in fact holding a gun, may be considered by the jury in determining whether the deputies' actions during the welfare check, which culminated in Plaintiff being shot, were conducted in a reasonable manner. *See id.*, p. 9, Jury Instructions

("Negligence is a legal cause of loss if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, so that it can reasonably be said that, but for the negligence, the loss would not have occurred."). The Court finds not error warranting a new trial.

### 2. Deputies' Termination from Employment

Defendant re-raises the argument made in his Motion in Limine to Exclude Evidence and/or Argument Regarding Certain Subject Matters (Docs. 70, 128) regarding Deputies Robert Hamer's and Richard Lisenbee's termination from employment. In its in limine ruling, the Court precluded the actual Report and Investigation documents, as well as the termination documents themselves, but did not preclude testimony that Hamer was terminated from employment or the role his truthfulness played in that termination, nor did the Court exclude testimony related to Lisenbee's termination from employment. (Doc. 138). Defendant argues that because the deputies' terminations were unrelated to the welfare check at issue, the evidence was highly prejudicial and impaired his ability to receive a fair trial.

At trial, based upon the Court's in limine ruling, Plaintiff's counsel only asked Lisenbee and Hamer whether they presently worked for the Sheriff's Department, whether they were terminated, and when the termination occurred. Although Hamer testified that his termination was involuntary and the result of failure to disclose conduct unbecoming, the Sheriff solicited testimony from Hamer that the termination was wholly unrelated to the incident at issue in this case. Hamer also testified that the Sheriff took no post-incident disciplinary action against him because of his actions and Hamer received no criticism from the Department for his actions. In weighing this evidence, the Court finds no manifest injustice as Defendant argues.

### B. Judgment as a Matter of Law

Defendant moves to set aside the final judgment because Plaintiff's theory of negligence was previously determined by the Court to be reasonable as a matter of law in its Opinion and Order dated April 5, 2017 (Doc. 98), and no reasonable jury could conclude that the deputies breached a duty to Plaintiff in conducting the welfare check. These arguments are a rehashing of the arguments made prior to the entry of judgment. The Court has considered these arguments and found them to be without merit and will not reconsider its prior ruling. Viewing the evidence and all inferences in the light most favorable to Plaintiff, there is evidence in the record to support the jury's verdict. The facts surrounding the welfare check were contested at trial and the Court's previous ruling only found that Plaintiff's Fourth Amendment rights were not violated because the officers had a reasonable basis to stay in the house. (Doc. 98, p. 21). The Court also found that triable issues of fact existed as to whether the deputies exercised reasonable care in carrying out the welfare check. (*Id.*, p. 57). Contrary to Defendant's argument, the Court did not find that the officers' actions were reasonable as a matter of law under a negligence standard; therefore, the Motion for Judgment as a Matter of Law on this basis is denied.[2]

## IV.   Conclusion

Under either the Rule 50 or Rule 59 standard, Defendant has failed to show that he is entitled to the relief requested in any respect. Accordingly, it is **ORDERED** that Defendant Mike Scott's Motion for New Trial and Renewed Motion for Judgment as a Matter of Law (Doc. #162) is **DENIED.**

---

[2] Defendant also seems to argue that he is entitled to judgment as a matter of law because the negligence claim was not pled with particularity as to how the deputies were negligent in conducting the welfare check. This argument is rejected. The Amended Complaint sufficiently details the allegations under the *Twombly/Iqbal* standard. (Doc. 52).

**DONE and ORDERED** in Chambers, Orlando, Florida on March 2, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party